## COMMONWEALTH *vs.* PETER E. DUNBAR.

Upon the trial of an indictment on *St.* 1855, *c.* 405, § 1, for keeping a building used for the illegal sale and keeping of intoxicating liquors, the only evidence was that the occupant of the house and servants of the defendant sold liquor there. The court refused to rule that this evidence was insufficient; and merely instructed the jury that it was a question of fact for them to decide. *Held*, that the defendant's exceptions must be sustained.

INDICTMENT on *St.* 1855, *c.* 405, § 1, averring that the defendant at a certain time and place " did knowingly permit a certain building and tenement, then and there under his control, to be then and there used for the illegal sale and keeping of intoxicating liquors." Trial and conviction in the court of common pleas before *Briggs*, J., who signed a bill of exceptions, the material part of which was as follows :

" The only evidence that was offered by the government of illegal sale or keeping of liquor in said house was that between the first day of June 1856 and the day of the finding of the indictment a man by the name of Michael Burns occupied, during a part of the time, the basement of said public house, and a part of the time an adjoining building, for the purpose of keeping and selling intoxicating liquor ; that when persons in said public house desired liquor, they rung the bell of the room in which they happened to be, and sent an order to Burns for such liquor as they pleased, which was sometimes brought to them by Burns himself and sometimes by the servants of Dunbar, the defendant ; and that payment for said liquor was sometimes made by persons at their rooms when the liquor was brought to them, and in some cases the pay was sent to Burns.

" The defendant requested the court to rule that this evidence was not sufficient to sustain the allegations as to the keeping and sale of intoxicating liquor. But the court declined so to rule, and instructed the jury that it was a question of fact for them to decide."

*C. I. Reed*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth, This is the case contemplated by the statute. The defendant

kept the house, and maintained it, and, by arrangement, per‑ mitted his servants to take the orders.

BY THE COURT. From the evidence it does not appear that pay was made to the landlord, or that any sales were made with his knowledge or permission. That was a question of fact for the jury to decide; but it was to be decided under proper in‑ structions as to the effect of a sale in his house, by his servants; and because no such instructions were given, our judgment must be *Exceptions sustained.*